**FEN XING CHEN, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–71112

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2016 *

FILED June 21, 2016

David Z. Su, Esquire, Law Offices of David Z Su, West Covina, CA, for Petitioner.

Jeffrey Ronald Meyer, Esquire, Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, OFFICE OF THE CHIEF COUNSEL, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Fen Xing Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We deny the petition for review.

The BIA found Chen not credible based on an inconsistency between his testimony and application as to his continued practice of Falun Gong in China after his arrest, the omission from his application that police had come to his home six times after he left China, and the IJ's negative demeanor finding. Substantial evidence supports the BIA's adverse credibility determination. *See id.* at 1048 (adverse credibility finding reasonable under the "totality of circumstances"). In the absence of credible testimony, Chen's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

## PETITION FOR REVIEW DENIED.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.